**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KARINA GAVIRIA,

CASE NO.:

Plaintiff,

-vs-

SANTANDER CONSUMER USA, INC.,

Defendant.
_________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff, Karina Gaviria, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls and conducted collection activities in this District.

## PARTIES

4. Plaintiff, Karina Gaviria (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

5. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6. Plaintiff is the regular user and carrier of the subject cellular telephone number, (727) ***-8065.

7. Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

8. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

9. Defendant, Santander Consumer USA, Inc., (hereinafter "Defendant"), is a foreign corporation with its principle place of business located at 1601 Elm St., Suite 800, Dallas, TX 75201, and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

10. Defendant is a "creditor" and/or "person" as defined by Florida Statute §559.55.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

11. Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

12. As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

13. At all times relevant to this action, Plaintiff received multiple calls per day to her cellular telephone from Defendant in an effort to collect the alleged debt at issue.

14. Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

15. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

16. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

17. As a result of the aforementioned calls, Plaintiff suffered an invasion of her privacy and was affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation due to Defendant's calls.

18. Further, Defendant's calls resulted in expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while being called by Defendant, and trespass upon Plaintiff's chattel.

**COUNT I**
**(Violations of the Florida Consumer Practices Act)**

19. Plaintiff incorporates Paragraphs 1 through 18 herein.

20. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

21. Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

22. Defendant engaged in an act or omission prohibited under Florida Statute

§559.72(9), by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate.

23. Specifically, Defendant attempted to collect from Plaintiff, monies purportedly due concerning a consumer debt when Defendant knew Plaintiff did not owe said debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Statutory Damages;

b) Actual Damages;

c) Punitive Damages;

d) Attorney's fees, litigation expenses and costs of suit; and

e) Such other or further relief as the Court deems proper.

**COUNT II**
**(Violations of the Telephone Consumer Protection Act)**

24. Plaintiff incorporates Paragraphs 1 through 18 herein.

25. Defendant placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice without consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. Further, Defendant knowingly or willfully violated the TCPA with respect to the telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*

Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333 ext. 100
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*